JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rosaria Love

**DEFENDANTS**

Trustees of the University of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel S. Orlow, Console Mattiacci Law Offices
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1981; 42 U.S.C. §2000e, et seq.; 43 P.S. §951, et seq.; Phila. Code §9-1101, et seq.

Brief description of cause:
Plaintiff was discriminated & retaliated against based on her race.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
7/30/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Rosaria Love | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Trustees of the University of Pennsylvania | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 7/30/2026 | | Plaintiff, Rosaria Love |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA 19104 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                     Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury (*Please specify*):_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROSARIA LOVE<br>Willow Grove, PA 19090<br><br>*Plaintiff*,<br><br>v.<br><br>TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA<br>3711 Market Street, Suite 802<br>Philadelphia, PA 19104<br><br>*Defendant*. | CIVIL ACTION NO.<br><br><br>**COMPLAINT AND JURY TRIAL<br>DEMAND** |

## I.    INTRODUCTION

Plaintiff, Rosaria Love ("Plaintiff"), brings this action against her former employer, Trustees of the University of Pennsylvania ("Defendant"), for discriminating against her based upon her race (Black), and for retaliating against her because she complained of race discrimination. Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment and terminating her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, et seq. ("PFPO").

Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Rosaria Love, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein in Willow Grove, PA 19090.

2.    Plaintiff's race is Black.

3.      Defendant, Trustees of the University of Pennsylvania, maintains a principal place of business at 3711 Market Street, Suite 802, Philadelphia, PA 19104.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.      At all relevant times, Defendant employed fifteen (15) or more employees.

6.      At all relevant times, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.      At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

8.      At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

9.      The causes of action which form the basis of this matter arise under Title VII, Section 1981, the PHRA, and the PFPO.

10.     The District Court has jurisdiction over Count I (Title VII) and Count II (Section 1981) pursuant to 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in this District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f).

13.     On or about November 30, 2023, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR") complaining of the acts of discrimination and

2

retaliation alleged herein. Plaintiff's PCHR Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PCHR Complaint (with personal identifying information redacted).

14.    On or about May 7, 2026, the EEOC issued Plaintiff a Notice of Right to Sue for her Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

15.    The PCHR likewise issued Plaintiff a Notice of Right to Sue, allowing her to bring her PFPO claim in this Court.

16.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff was hired by Defendant on or about May 1, 2022.

18.    Plaintiff consistently performed her job duties in a highly competent manner.

19.    Plaintiff last held the position of Program Director for the Warren Alpert Foundation Alliance to Increase Diversity in Genetic Counseling.

20.    Plaintiff last reported to Kathleen Valverde (white), Director, Master of Science in Genetic Counseling.

21.    Valverde reported to Daniel Rader (white), Chair, Department of Genetics.

22.    Plaintiff was hired in connection with a five (5) year grant that Defendant was awarded to increase diversity in the field of genetic counseling.

23.    The field of genetic counseling is comprised of approximately ninety-five percent (95%) white individuals.

3

24.    Plaintiff was the only Black employee, out of eight (8) employees, on her team.

25.    Valverde treated Plaintiff in a hostile, dismissive, and demeaning manner, differently and worse than white employees were treated. By way of example, and without limitations:

    a.   Plaintiff's performance was unjustly criticized.

    b.   Plaintiff was micromanaged to a greater extent than her white peers.

    c.   Plaintiff was excluded from meetings and communications related to her job duties and responsibilities.

    d.   Plaintiff was excluded from decision-making related to her job duties and responsibilities.

    e.   Plaintiff was circumvented.

    f.   Plaintiff's input was not given the same value as white employees.

    g.   Valverde at times refused to meet with Plaintiff one-on-one.

26.    In March 2023, in a meeting with Lisa Kessler (white), Associate Director, Plaintiff complained of race discrimination in connection with how she was being treated.

27.    Plaintiff Complained to Kessler that it seemed that she was only there as a token or face of diversity.

28.    In March 2023, in a meeting with Valverde, Plaintiff complained of race discrimination in connection with how she was being treated.

29.    Plaintiff reiterated her concern that it seemed that she was only there as a token or face of diversity.

4

30. In May 2023, Plaintiff was excluded from participating in Defendant's graduation ceremony. Plaintiff was the only employee on her leadership team who was not invited to participate.

31. In May 2023, following the above, in a meeting with Valverde, Plaintiff again complained of race discrimination in connection with how she was being treated and raised her concern over the fact that she was the only employee on the leadership team excluded from participating in the graduation ceremony.

32. On June 8, 2023, in a meeting with Rader, Plaintiff once again complained of race discrimination and retaliation in connection with how she was being treated. Plaintiff stated that she had been trying to resolve the issues with Valverde, but it was not working.

33. Rader stated that he would share Plaintiff's concerns with Valverde and schedule a time for the three (3) of them to meet.

34. On July 6, 2023, in a subsequent meeting with Rader and Valverde, Plaintiff complained of race discrimination in connection with how she was being treated. Plaintiff provided examples of being unjustly criticized, being excluded from meetings and communications related to her job duties, and being provided with little to no information or inaccurate information.

35. Rader stated that it sounded like Plaintiff was unhappy with her job.

36. On August 13, 2023, Plaintiff received an unfair performance review.

37. On August 29, 2023, in an email to Albert Johnson (Black), Human Resources, Plaintiff again raised her concerns of race discrimination in connection with how she was being treated.

5

38. Plaintiff stated that it had become evident that, as a Black woman, she was largely being treated as the face of the diversity initiative in the genetics counseling program at Penn, without any power to affect real change.

39. Plaintiff provided examples of being excluded, ignored, and unjustly criticized by Valverde.

40. On August 30, 2023, in a follow up meeting with Johnson, Plaintiff reiterated her complaints of race discrimination in connection with how she was being treated.

41. Plaintiff explained that she felt like a token representative because of her race, and that she was not allowed to make decisions.

42. Johnson stated that he was sorry that Plaintiff, as a Black woman, was experiencing this treatment because she had worked hard to obtain her PhD.

43. Plaintiff stated that her being Black seemed to be a problem for Valverde.

44. On August 31, 2023, Plaintiff was told that Valverde was making negative comments about her.

45. On September 5, 2023, in an email to Johnson, Plaintiff stated that she noticed that her name, photo, and contact information had been removed from Defendant's website. Johnson stated that he was not aware of the same.

46. On September 8, 2023, in a phone call with Johnson, Defendant terminated Plaintiff's employment, effective October 8, 2023.

47. The reason provided by Defendants for Plaintiff's termination was an alleged restructuring resulting in a discontinuation of her position. Johnson stated that Valverde and Rader had decided to restructure the grant under which Plaintiff was hired and that they no longer needed an employee at a PhD level.

48.     Following the above, Plaintiff was told that Valverde did not want her to attend the upcoming fall retreat, an event that Plaintiff had planned for late September 2023.

49.     Following the above, Plaintiff was falsely accused of deleting certain files and folders from Defendant's system.

50.     On October 6, 2023, in a statement to Defendant's Office of Affirmative Action and Equal Opportunity, Plaintiff complained of race discrimination and retaliation in connection with her termination and how she had been treated by Defendant.

51.     Plaintiff was the only employee who was terminated effective October 8, 2023.

52.     Plaintiff had no opportunity to remain employed with Defendant.

53.     Defendant's race discriminatory and retaliatory conduct, as alleged herein, was severe or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed.

54.     Defendant's race discriminatory and retaliatory conduct, as alleged herein, was severe or pervasive enough to make Plaintiff subjectively believe that the conditions of her employment had been altered and that a hostile work environment existed.

55.     Plaintiff's race and her complaints of race discrimination were each motivating and/or determinative factors in Defendant's discriminatory and retaliatory treatment of her, including, without limitation, in connection with her termination and the hostile work environment to which she was subjected.

56.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-

7

esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - TITLE VII

57.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

58.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

59.    Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

60.    As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

62.    No previous application has been made for the relief being requested herein.

## COUNT II - SECTION 1981

63.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

64.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Section 1981.

65. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

66. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

68. No previous application has been made for the relief requested herein.

## COUNT III - PHRA

69. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

70. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

71. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72. Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

73. No previous application has been made for the relief requested herein.

## COUNT IV - PFPO

9

74. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

75. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

76. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

77. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

No previous application has been made for the relief being requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a. Declaring the acts and practices complained of herein to be in violation of Title VII;

b. Declaring the acts and practices complained of herein to be in violation of Section 1981;

c. Declaring the acts and practices complained of herein to be in violation of the PHRA;

10

d.      Declaring the acts and practice complained of herein to be in violation of the PFPO.

e.      Enjoining and permanently restraining the violations alleged herein;

f.      Entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

g.      Awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, which Plaintiff has suffered as a result of Defendant's improper conduct;

h.      Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered as a result of Defendant's improper conduct;

i.      Awarding punitive damages to Plaintiff under Title VII, Section 1981, and the PFPO;

j.      Awarding Plaintiff other such damages as are appropriate under Title VII, Section 1981, the PHRA, and the PFPO;

k.      Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

l.      Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE MATTIACCI LAW, LLC

By:      /s/      Daniel S. Orlow
                *Attorneys for Plaintiff*

Dated: July 30, 2026

11

# Exhibit 1

## CITY OF PHILADELPHIA
### PHILADELPHIA COMMISSION ON HUMAN RELATIONS

### COMPLAINT

COMPLAINANT:

**ROSARIA LOVE**

v.

RESPONDENTS:

**TRUSTEES OF UNIVERSITY OF PENNSYLVANIA**

*PCHR* Docket No. *2023-12-08-16283*
*EEOC Docket No. MG-2024-00016*

1. The Complainant herein is:

   Name:      Rosaria Love

   Address:   ████████████████

              Willow Grove, PA 19090

2. The Respondents herein are:

   Names:     Trustees of University of Pennsylvania

   Address:   3711 Market Street, Suite 802
              Philadelphia, PA 19104

3. I, Rosaria Love, the Complainant herein, allege that I was subjected to unlawful discrimination because of my race (black), and retaliation because I complained of race discrimination, as set forth below.

### Discrimination and Retaliation

A. I specifically allege:

[1]    I was hired by Respondents on May 1, 2022.

[2]    I consistently performed my job duties in a highly competent manner.

[3]      I last held the position of Program Director for the Warren Alpert Foundation Alliance to Increase Diversity in Genetic Counseling.

[4]      I last reported to Kathleen Valverde (white), Director, Master of Science in Genetic Counseling Program.  Valverde reported to Daniel Rader (white), Chair, Department of Genetics.

[5]      I was hired in connection with a five (5) year grant that Respondents were awarded to increase diversity in the field of genetic counseling.

[6]      The field of genetic counseling is comprised of approximately ninety-five percent (95%) white individuals.

[7]      I was the only black employee, out of eight (8) employees, in my department.

[8]      I was treated in a hostile, dismissive, and demeaning manner, differently and worse than white employees were treated.

[9]      My performance was unjustly criticized.

[10]      I was micromanaged.

[11]      Certain of my job duties and responsibilities were removed from me.

[12]      I was excluded from meetings and communications related to my job duties and responsibilities.

[13]      I was excluded from decision-making related to my job duties and responsibilities.

[14]      I was circumvented.

[15]      I was provided with inaccurate information.

[16]      I was ignored.

[17]    My input was not valued.

[18]    Valverde refused to meet with me one-on-one.

[19]    My decisions were overridden.

[20]    In March 2023, in a meeting with Lisa Kessler (white), Associate Director, I complained of race discrimination in connection with how I was being treated. I stated that I was being excluded regarding decisions about the program. I stated that Valverde refused to meet with me individually or keep me informed or part of the decision-making process. I stated that it seemed that I was only there as a token or a face of diversity.

[21]    In March 2023, in a meeting with Valverde, I complained of race discrimination in connection with how I was being treated. I stated that I was being excluded regarding decisions about the program. I told Valverde that she refused to meet with me individually or keep me informed or part of the decision-making process. I stated that it seemed that I was only there as a token or a face of diversity.

[22]    Following my race discrimination complaints, I was treated in a more hostile and dismissive manner, differently and worse than white and/or noncomplaining employees were treated.

[23]    In May 2023, I was excluded from participating in the graduation ceremony. I was the only employee on the leadership team who was not invited to participate.

[24]    In May 2023, following the above, in a meeting with Valverde, I complained of race discrimination in connection with how I was being treated. I stated that I was the only employee on the leadership team that was excluded from participating in the graduation ceremony.

[25]     On June 8, 2023, in a meeting with Rader, I complained of race discrimination and retaliation in connection with how I was being treated. I stated that I had been trying to resolve the issues with Valverde, but it was not working. He stated that he would share my concerns with Valverde and schedule a time for the three (3) of us to meet.

[26]     On July 6, 2023, in a meeting with Rader and Valverde, I complained of race discrimination in connection with how I was being treated. I provided examples of being unjustly criticized, being excluded from meetings and communications related to my job duties, being provided with little to no information or inaccurate information. Rader stated that it sounded like I was unhappy with my job.

[27]     On August 13, 2023, I received an unfair performance review.

[28]     I received an unfair performance review because of my race and/or my race discrimination complaints.

[29]     On August 29, 2023, in an email to Albert Johnson (black), Human Resources, I stated that, "as the only person of color on staff and part of the leadership team, I believe I am being treated differently than my white counterparts." I stated: "It has become evident to me that as a Black woman, I'm largely being treated as the face of the diversity initiative in the genetics counseling program at Penn, without any power to affect real change." I provided examples of being excluded, ignored, and unjustly criticized by Valverde.

[30]     On August 30, 2023, in a meeting with Johnson, I complained of race discrimination in connection with how I was being treated. I stated that I felt like a token representative because of my race, and that I was not allowed to make decisions. Johnson stated that he was sorry that I, as a black woman, was experiencing this treatment because I had worked hard to obtain my PhD. I stated that my being black seemed to be a problem for Valverde.

[31]    On August 31, 2023, I was told that Valverde was making negative comments about me.

[32]    On September 5, 2023, in an email to Johnson, I stated that I noticed that my name, photo, and contact information had been removed from Respondents' website. He stated that he was not aware of the same.

[33]    On September 8, 2023, in a phone call with Johnson, Respondents terminated my employment, effective October 8, 2023. The stated reason for my termination was restructuring resulting in a discontinuing of my position. Johnson stated that Valverde and Rader had decided to restructure the grant under which I was hired and that they no longer needed an employee at a PhD level. He stated that Valverde would take over my job duties until they found someone to hold a Coordinator position, which would replace my position.

[34]    Following the above, I was told that Valverde did not want me to attend the upcoming fall retreat, an event that I had planned for late September 2023.

[35]    Following the above, I was falsely accused of deleting certain files and folders from Respondents' system.

[36]    On October 6, 2023, in a statement to Respondents' Office of Affirmative Action and Equal Opportunity, I complained of race discrimination and retaliation in connection with my termination and how I was treated.

[37]    Respondents terminated my employment because of my race and/or my race discrimination complaints.

[38]    I was the only employee who was terminated effective October 8, 2023.

[39]    I had no opportunity to remain employed with Respondents.

[40] Respondents assigned my job duties and responsibilities to white and/or noncomplaining employees. I was more qualified to perform my job duties and responsibilities than the noncomplaining and/or white employees to whom Respondents assigned my job duties and responsibilities.

[41] Respondents failed to take any action to remedy or prevent the race discrimination and retaliation to which I was subjected.

[42] Respondents subjected me to a hostile work environment because of my race and/or my race discrimination complaints.

[43] The race- and retaliatory-based hostile work environment to which I was subjected constitutes a continuing violation.

[44] Others have complained of race discrimination at Respondents.

[45] Respondents' race discriminatory and retaliatory conduct has caused me emotional distress.

[46] Respondents' conduct evidences a bias against black employees and/or employees who engage in protected activity.

[47] Respondents have an underrepresentation of black employees in high-level positions.

B. Respondents have discriminated against me because of my race (black), and retaliated against me because I complained of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.* ("1981").

4.   The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

 _X_       **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), Section __9-1103__.**

5.   Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

 _X_       **This charge will be referred to the EEOC for the purpose of dual filing.**

6.   The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

11/30/23
(Date Signed)

_Rosaria Love_
(Signature)    Rosaria Love

Willow Grove, PA 19090

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 5/7/2026

**To:**    Rosaria Love
███████████████
Willow Grove, PA 19090

Charge No:  17G-2024-00016
EEOC Representative and email:        State Local and Tribal Program Manager
                                      PHLSTATEANDLOCAL@EEOC.GOV

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  5/7/2026

Karen McDonough
Deputy District Director

cc:        For Respondent                        For Charging Party
           Helen C Logan                         Daniel R Orlow Esq.
           Senior Administrator of Litigation Services   Console Mattiacci Law
           University of Pennsylvania / OAG      1525 Locust Street, 9th  Floor
           2929 Walnut Street, Suite 400         Philadelphia, PA 19102
           Philadelphia, PA 19104

Please retain this notice for your records.